# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME BENAVENTE, JR., | 1:08-cv-00085 YNP DLB (HC) |
| Petitioner, | ORDER DENYING PETITIONER'S MOTIONS TO STAY |
| v. | |
| ANTHONY HEDGPETH, | [Docs. #36, 39] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

A jury found Petitioner guilty in Tulare County Superior Court of one count of car jacking and one count of resisting, delaying, or obstructing a peace officer. (Lodged Doc. 4, 2.) Both counts included gang enhancements. Id. Petitioner raised the following claims on direct appeal to the State appellate court: 1) "[t]he gang expert's speculative opinion regarding the criminal street gang allegation on court 2 (resisting arrest) does not constitute substantial evidence on appeal, and trial counsel was ineffective in failing to object on the proper legal grounds to the expert's speculative opinion"; and 2) "[a]ppellant's sentence of 15 years to life for carjacking [sic] with a criminal street gang enhancement constitutes cruel and/or unusual punishment under both the state and federal constitutions." (Lodged Doc. 1, i-ii.) The appellate court affirmed the lower court in a reasoned decision. (Lodged Doc. 4.)

Petitioner raised the same two claims in his petition for review in the California Supreme Court. (Lodged Doc. 5.) The court summarily denied the petition on December 20, 2006. (Lodged Doc. 6.)

Petitioner filed the instant petition on December 20, 2007. (Doc. #1.) On March 20, 2008, Petitioner filed a motion to stay his petition so he could exhaust his state court remedies. (Doc. #13.) Some time thereafter, Petitioner retained counsel who filed a second motion to stay on July 3, 2008, arguing that Petitioner had "good cause" under Rhines v. Webber, 544 U.S. 269 (2005), to have his petition stayed and held in abeyance because he did not have an attorney before to help him properly exhaust his claims in State court. (Doc. #24.) On July 10, 2008, Respondent filed an opposition to the motion arguing that Petitioner had not shown "good cause", that Petitioner did not specify the unexhausted claims he hoped to exhaust, and that Petitioner did not explain why the those claims remained unexhausted. (Doc. #25.) Petitioner responded to the opposition by specifying that he wanted to exhaust a new claim of actual innocence. (Doc. #26.) On September 15, 2008, this Court denied Petitioner's motion to stay because Petitioner failed to show "good cause" as to why he could only now exhaust the claim of actual innocence. (Doc. #27.) On October 6, 2008, the Court denied Petitioner's first motion to stay as moot. (Doc. #32.)

On September 17, 2008, Petitioner's counsel filed a motion to withdraw due to conflict of interest. (Doc. #28.) The motion was granted on October 2, 2008. (Doc. #30.)

On October 2, 2008, Petitioner, once again proceeding pro se, filed another motion to stay claiming that he had "good cause" because his attorney who had filed the previous motion to stay had "failed to do his duties and responsibilities as an attorney of law." (Doc. #31, 1.) Petitioner alleged that counsel did not give him proof that counsel had conducted a thorough investigation, counsel misled him, and that "counsel failed to comprehend regulations that Petitioner is entitled too [sic]." Id. at 1-2. This Court denied this third motion to stay on October 6, 2008. (Doc. #32.)

On May 8, 2009, Petitioner filed a fourth motion to stay alleging he had "good cause" because his habeas counsel had sabotaged him and he had newly discovered evidence in the form of a one page affidavit. (Doc. #36.) On July 22, 2009, Petitioner filed a fifth motion to stay, which is identical to the fourth motion to stay except that the fifth includes exhibits. (Doc. #39.) It is Petitioner's

fourth and fifth motions to stay that will be considered herein.

## DISCUSSION

The 9th Circuit has clearly specified two possible analyses by which to decide a motion to stay. King v. Ryan, 564 F.3d 1133. One analysis is Rhines, where, in limited circumstances and upon the court's discretion, a petitioner can have his entire petition stayed and placed in abeyance while he exhausts the unexhausted claims in state court. King, 564 F.3d at 1135-36 (citing Rhines v. Webber, 544 U.S. 269). The second analysis is the Kelly three-step procedure. Under Kelly, a petitioner first amends his mixed petition to delete any unexhausted claims. Next the court will stay and hold in abeyance the amended, and now fully exhausted, petition while the petitioner exhausts the deleted claims in state court. Finally, the petitioner amends his stayed petition to re-attach the now fully exhausted claims that he had previously deleted. King, 564 F.3d at 1135 (citing Kelly v. Small, 315 F.3d 1063, 1070-71 (9th Cir. 2002)).

There are two important distinctions between Rhines and Kelly. First, Rhines stays and holds in abeyance both the exhausted and unexhausted claims where as Kelly requires the petitioner to delete the unexhausted claims and only stays and holds in abeyance the fully exhausted petition. This is an important distinction because under Kelly a petitioner must still amend to add his deleted claims within the original one year statue of limitation set forth by the Anti-Terrorism and Effective Death Penalty Act of 1996. King, 564 F.3d at 1138-39; 28 U.S.C. § 2244(d)(1). Under Rhines a petitioner, however, need not worry about the statute of limitation because his unexhausted claims never leave federal court. King, 564 F.3d at 1139, 1140 (citing Rhines, 544 U.S. at 277).

The second difference between the two analyses is that Rhines requires a showing of good cause, while Kelly does not. King, 564 F.3d at 1140. Even though Kelly does not require a showing of good cause, the Court was clear that the "district courts retain the same degree of discretion they had before Rhines to implement the Kelly procedure..." King, 564 F.3d at 1141.

In this case, Petitioner does not seek to stay a mixed petition; he seeks to hold all of his original claims in abeyance while he exhausts a new claim of actual innocence. Because Petitioner is trying to stay a fully exhausted petition, Kelly seems to provide the appropriate standard. As

mentioned above, the major hurdle which a petitioner seeking to stay his petition under Kelly must overcome is amending his petition to include the newly exhausted claims within the original one-year limitation period. Petitioner did not file his original Federal petition until the final day of the limitation period and more than two years have since passed. The Court cannot conceive of scenario in which Petitioner could successfully attach any new claim with in the original limitation period. It would serve no purpose to grant Petitioner a stay and allow him to exhaust this new claim in State court only to hold that his new claim was untimely when he returned to federal court; thus, Petitioner's motion to stay must be DENIED.

The court notes that if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant a stay. Rhines, 544 U.S. at 277. The motions at hand are Petitioner's fourth and fifth motions to stay. The Court has already found that Petitioner's lack of legal knowledge does not constitute "good cause", that his tenuous claim of new evidence does not constitute "good cause", and that counsel's failure to win the second motion to stay does not constitute "good cause"; Petitioner presents no new arguments in the instant motions that have not already been denied. If Petitioner files another motion to stay containing any argument on which the Court has already ruled, the Court will immediately deny the motion under Rhines.

**CONCLUSION**

Petitioner's motions to stay are too untimely to allow new claims to be added within the original one-year limitation period and thereby must be DENIED.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Petitioner's motion to stay, or in the alternative to amend the petition is DENIED.

IT IS SO ORDERED.

Dated:   February 19, 2010                    /s/ Dennis L. Beck
                                       UNITED STATES MAGISTRATE JUDGE