UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAIME BENAVENTE, Jr., | ) | 1:08-cv-00085 JMD (HC) |
|             Petitioner, | ) ) | ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION AND |
| v. | ) ) | OBJECTIONS TO ORDER GRANTING IN PART AND DENYING IN PART PETITION |
| ANTHONY HEDGPETH, | ) ) | FOR WRIT OF HABEAS CORPUS [Docs., #49, 50] |
|             Respondent. | ) ) ) | ORDER DIRECTING CLERK OF THE COURT TO CLOSE CASE |

     Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

     On May 26, 2010, this Court issued an order granting in part and denying in part the Petition for Writ of Habeas Corpus. (Order, May 26, 2010, ECF No. 47.) On that same day, Petitioner filed a motion for reconsideration regarding the February 21, 2010, denial of his fourth and fifth motions to stay the petition. (Pet'r's Motion for Recons., May 26, 2010, ECF No. 49.) On June 16, 2010, Petitioner filed objections to this Court's May 26, 2010, order. (Pet'r's Objections, June 16, 2010, ECF No. 50.)

**DISCUSSION**

     Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. The rule permits a district court to relieve a party from a final order or judgment on the grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been

satisfied . . . ; or (6) any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b).  The motion for reconsideration must be made within a reasonable time, in any event, "not more than one year after the judgment, order, or proceeding was entered or taken." Id.

 Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (*en banc*).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987), *cert. denied*, 486 U.S. 1015 (1988).  The Ninth Circuit has held that "[c]lause 60(b)(6) is residual and 'must be read as being exclusive of the preceding clauses.'" LaFarge Conseils et Etudes, S.A. v. Kaiser Cement, 791 F.2d 1334, 1338 (9th Cir. 1986), *quoting* Corex Corp. v. United States, 638 F.2d 119 (9th Cir. 1981).  Accordingly, "the clause is reserved for 'extraordinary circumstances.'" Id.

Motion for Reconsideration Regarding Denial of Motion to Stay

 In his motion for reconsideration, Petitioner alleges that he has established good cause to have his petition stayed and held in abeyance so that he can present newly discovered evidence to the State court.  In the order denying the stay and abeyance, this Court noted that Petitioner had been denied five motions to stay and cautioned that if Petitioner filed another motion containing any of the claims previously denied, the Court would automatically deny the motion pursuant to Rhines v Webber, 544 U.S. 269, 277 (2005).  In his July 22, 2009, motion Petitioner asserted that he had new evidence in the form of a one page affidavit sworn by a chief witness against him that would prove his actual innocence and that he had further evidence from another witness that corroborated the information in the affidavit. (Pet'r's Mot. to Stay 6 n.1, July 22, 2009, ECF No. 39.)  No affidavits were attached to the motion, but Petitioner did attach a one page Jurat sworn by Jose Chavez on March 6, 2008. Id., Ex. A.  In the instant motion, Petitioner argues that he has two affidavits which will prove his actual innocence.  The affidavits that Petitioner presents in his motion were sworn by Victor Martinez on January 4, 2010, and Jose Chavez on February 10, 2010. (Pet'r's Motion for Recons., 4-5.)  Martinez declares in his affidavit that he testified wrongfully against Petitioner (Id. at 12), and Chavez declares he was scared, nervous, and influenced by the police when testifying against Petitioner (Id. at 13).  Even though Petitioner adamantly

maintains throughout his motion for reconsideration that this "newly discovered evidence" is of a nature not previously asserted in any of the five denied motions to stay, the Court sees that he is merely recycling evidence from the previously denied motions to stay. Petitioner has failed to meet the standard set forth in Fed. Rule Civ. Pro. 60(b) as he has not presented new evidence before this Court. Furthermore, Petitioner has directly disobeyed the order of this Court by trying to present the same evidence of actual innocence, Chavez's affidavit, that has previously been denied by this Court. Accordingly, Petitioner's motion for reconsideration of the motion to stay must be denied.

<u>Objections to Order Granting In Part and Denying In Part Petition For Writ Of Habeas Corpus</u>

As the order granting in part and denying in part Petitioner's petition for writ of habeas corpus was a final order and not open to objections, the Court construes Petitioner's "Objections" as a Rule 60(b) motion for reconsideration of this Court's order on the merits.

None of the arguments that Petitioner makes in this motion advance a suitable reason for reconsideration as set forth by Rule 60(b). Petitioner first argues that the gang expert testimony lacked foundation and rises to the level of a due process violation. The Court held in its order that, while Petitioner did raise lack of foundation, he never claimed that it amounted to a due process violation and therefore the issue was not properly in front of the federal habeas court. As Petitioner is attempting to raise a new ground for relief not originally brought in the petition, this Court will not grant reconsideration on this issue.

Next, Petitioner claims he should be granted relief on the ground of ineffective assistance of counsel. Petitioner does not object on any of the grounds set forth by Rule 60(b), he merely asserts the same ineffective assistance of counsel argument set forth in his petition for writ of habeas corpus. As Petitioner does not advance any reason under Rule 60(b), reconsideration cannot be granted as to this argument.

Lastly, Petitioner contends that this Court erred by failing to enter an order of judgment regarding Petitioner's traverse. Petitioner is mistaken in contending that the traverse is a separate motion warranting its own disposition.

As none of the arguments advanced by Petitioner assert a proper ground for reconsideration under Rule 60(b), Petitioner's motion for reconsideration must be denied.

## CONCLUSION

For the foregoing reasons, Petitioner's motions to reconsider stay and abeyance and to reconsider final judgment are hereby DENIED.

## ORDER

Accordingly, it is hereby ORDERED that:

1. Petitioner's motion for reconsideration of stay and abeyance be DENIED (Pet'r's Motion for Recons., ECF No. 49);
2. Petitioner's objections to this Court's May 26, 2010, order be DENIED (Pet'r's Objections, ECF No. 50.); and
3. The Clerk of the Court is DIRECTED to close this case.

IT IS SO ORDERED.

**Dated:   July 19, 2010**             /s/ John M. Dixon
UNITED STATES MAGISTRATE JUDGE